UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON M. GERMANY, | Case No.  2:26-cv-0280-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO CALIFORNIA HIGHWAY PATROL, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, alleges that numerous defendants employed by the California Highway Patrol violated his rights by conspiring to fraudulently secure his conviction in connection with a car accident that occurred in 2022.  ECF No. 1 at 4.  After reviewing the complaint, I find that the claim is not suitable to proceed.  I will dismiss the complaint with leave to amend so that plaintiff may explain why this action should proceed.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

**Screening Order**

**I.     Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff's claims appear barred by the favorable termination rule announced in *Heck v. Humphrey*, which holds that "to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994).  Here, plaintiff seeks to recover damages for defendants' part in securing an allegedly fraudulent conviction against him.  ECF No. 1 at 4-5. Plaintiff may proceed only if he indicates that the conviction itself has been reversed or

expunged.

I will dismiss the complaint with leave to amend so that plaintiff may address this issue. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. Additionally, plaintiff must indicate how each of the named defendants was personally involved in violating his rights. The current complaint fails to do so insofar as it lists numerous defendants and then simply refers to all defendants collectively in the one-page statement of claim.

Accordingly, it is ORDERED that:

1.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

5.   Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:     March 12, 2026     _____
                             JEREMY D. PETERSON
                             UNITED STATES MAGISTRATE JUDGE

3