UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRANDON M. GERMANY, | Case No.  2:26-cv-0280-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO CALIFORNIA HIGHWAY PATROL, *et al.*, | |
| Defendants. | |

This section 1983 action proceeds on plaintiff's first amended complaint. ECF No. 10. Therein, plaintiff, a state prisoner, alleges that defendants violated his rights by staging the scene of an accident in which he was involved to secure his state criminal conviction. His claim sounds in habeas and, thus, I now recommend dismissal of this section 1983 action.

I.      Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.    Analysis

As before, plaintiff alleges that, in 2022, defendants staged the scene of an accident to frame him and to secure his criminal conviction. ECF No. 10 at 3, 6. In addition to money damages, he seeks reversal of his conviction. *Id.* at 6. This action cannot proceed pursuant to section 1983; a habeas action is the sole appropriate vehicle by which to seek reversal of a conviction. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006). And, given that plaintiff seeks money damages in addition to reversal of his conviction, I cannot conclude that bringing a habeas action was his original intent. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) ("When the intent to bring a habeas petition is not clear, . . . the district court should not convert a defective section 1983 claim into a habeas petition."). Accordingly, I decline to convert this action into one for habeas corpus. Instead, I will recommend this action be

2

dismissed. Then, plaintiff may, if he chooses, file a new habeas corpus action challenging the validity of the relevant conviction.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the first amended complaint, ECF No. 10, be DISMISSED without leave to amend as non-cognizable under section 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 2, 2026                                    _____
                                                           JEREMY D. PETERSON
                                                           UNITED STATES MAGISTRATE JUDGE

3